BLANCHE, Judge.
Plaintiff-appellee, as tutrix of her minor son, Arthur Lance Dwyer, brought suit against William E. Brister and The Travelers Insurance Company, defendants-appellants, for the injuries and damages sustained by her minor son in an accident which occurred on private property owned by Audubon Lakes, Inc., in West Feliciana Parish. The owners of the property had established roadways for use by the public, and in an attempt to regulate traffic thereon posted a sign limiting the speed on the roadway on which this accident occurred to ten miles per hour. Just prior to the accident, plaintiff’s son was driving a Honda motorcycle in a westerly direction on Area No. 3 roadway, and defendant, William E. Brister, was driving a Chevrolet automobile in an easterly direction on said road. The accident occurred when Brister made a left turn into a road which intersected Area No. 3 roadway on the north. Brister never saw Dwyer on the motorcycle until the impact occurred, and Mr. E. M. Wade, a passenger in the car, did not see Dwyer until they were in the process of making a left turn. In an attempt to avoid the impending collision, Dwyer veered off the road to his right, jumped a ditch and hit Brister’s car just off the roadway. Deputy Willis Daniels, who investigated the accident, testified that the drivers could have seen each other clearly when they were 300 or 400 feet apart. Deputy Daniels further testified that Dwyer had estimated to him that his speed was fifty miles per hour. Brister testified that his speed was approximately five miles per hour at the time he made the turn. Dwyer, in effect, testified that Brister turned left immediately in front of him and he did not know how fast he was going before the accident.
The trial judge, after the case was tried, stated in his Oral Reasons for Judgment that he was convinced “that the proximate cause of the accident was the sudden turning of the vehicle driven by the defendant across the highway and into the path of the oncoming motorcycle” and further “even if the plaintiff was exceeding the speed limit and was traveling faster than was safe for this road, the Court still finds that the proximate cause of the accident was the sudden turning across the highway in the face of oncoming traffic.” (Record, pp. 82, 83) Our review of the record convinces us that the trial court’s conclusion as to the sole cause of the accident was correct and the judgment should be affirmed.
The photographs of the scene of the accident and the testimony of the investigating officer are convincing evidence that Brister had ample opportunity to see and should have seen the oncoming motorcycle before he executed his turn. The fact that *681 Brister did not see the motorcycle until the collision is proof that he was not looking for oncoming traffic when he made a left turn.
Appellants assign as error the trial judge’s failure to hold Dwyer guilty of contributory negligence due to the excessive speed at which he was traveling. Even assuming that the trial judge’s determination that appellants’ proof had failed as to the high rate of speed at which young Dwyer was driving, we do not find that his speed was a contributing cause of the accident. The case is not one of a mistake in judgment by a left-turning driver occasioned by excessive speed of the oncoming vehicle. It is a case of the left-turning driver’s failing to see what he could have seen and was under a duty to have seen — namely, the oncoming motorcycle — and turning left in front of plaintiff, thereby causing a collision between the two vehicles.
Inasmuch as the accident happened on private property, the General Highway Regulatory Act regarding the regulation of vehicular movement on public streets and highways is not decisive of the issue here, and the case must be judged under the general tort law of the state. Nevertheless, these regulations are persuasive in determining the degree of care expected of a motorist in the operation of his vehicle. Hinegardner v. Dickey’s Potato Chip Company, 205 So.2d 157 (La.App. 1st Cir. 1967).
The provisions of LSA-R.S. 32:104 also proscribe the conduct which we have found amounted to negligence on the part of the defendant.
Appellants also argue that the trial judge erred in failing to give any weight to the posting of a speed limit of ten miles per hour by the property owners on their property. While it might be proper in certain situations to give some weight to attempts by private property owners to regulate the speed of vehicles on their property, under the particular facts of this case we do not find that the violation of this regulation was a contributing cause of the accident.
Accordingly, the judgment of the District Court is affirmed at the cost of defendants-appellants.
Affirmed.