SARTAIN, Judge.
This appeal concerns an action in tort in which the plaintiffs, appellants herein prevailed in the district court. They have appealed, seeking an increase in the damages rendered below and defendants have answered the appeal praying that the judgment be reversed and plaintiffs’ suit be dismissed.
The factual circumstances surrounding this incident are unusual. The record reflects that on the morning of October 13, 1968, Mr. and Mrs. Cheramie, their son and granddaughter attended mass at the Sacred Heart Catholic Church in Cut Off, Louisiana. The church grounds are located on the western side of Louisiana Highway 1; between the church itself and the highway is a parking lot. On that morning, the Cheramie vehicle was backed into a parking place in the lot with its rear wheels against the curb and was facing in an easterly direction, or away from the church. The 1968 Chrysler driven by the defendant, Enes Pierce, was parked exactly parallel to the Cheramie vehicle and on its immediate south side. It also faced in an easterly direction and the side by side vehicles were parked only a few feet apart. At the conclusion of the church services, the Chera-mies and the Pierces conversed with friends as they proceeded to their automobiles. It appears that Mrs. Cheramie and her granddaughter reached their car before the others and upon so doing, Mrs. Cheramie proceeded to the right side of her car and opened its right rear door to allow her granddaughter to enter the vehicle. She was, at that time, of course, directly between her own car and that of the Pierces. With the right rear door still open, she paused again to speak to another acquaintance.
At the same time, Pierce, who had been in conversation with Mr. Cheramie and his son, walked to the passenger side of his au *382 tomobile and opened the door for Mrs. Pierce to enter. He then walked around the front part of his car and entered it on the driver’s side. Moments later, he started the car and pulled away. As he did, Mrs. Cheramie’s door, still open, was caught on Pierce’s left rear fender, pulled forward beyond the normal restrictions of its hinges, and then snapped back, striking Mrs. Cheramie in the right shoulder, neck and face. This litigation seeking damages for her injuries and for the property damage done to the Cheramie vehicle followed.
At the trial on the merits, judgment was rendered in favor of the plaintiffs awarding them $500.00 as general damages and $153.08 on the property damage claim. The appellants urge upon us the insufficiency of the amount awarded as general damages. The appellees’ answer alleges no negligence on the part of Pierce and, alternatively, the contributory negligence of Mrs. Cheramie. The judgment will be affirmed in part and amended in part.
Initially, we find no error in the district judge’s determination that Pierce’s actions amounted to negligence and that Mrs. Cheramie was not contributorily negligent under the circumstances. The evidence clearly preponderates to the effect that if Pierce was not aware that Mrs. Cheramie was standing with her door open when he tried to pull away, he must be charged with knowledge of it. Clarence Cheramie stated that his mother was standing with the door of the car wide open when he, his father, and Pierce arrived and that they could not pass between the cars because of her position which blocked the way. As previously described, Pierce then proceeded all the way around his car, opening the door for his wife as he went, and moments later got in on the driver’s side. All the while, Mrs. Cheramie was standing in the open door. Surely, if Pierce had not already done so, he must have seen Mrs. Cheramie as he tried to get in the driver’s seat of his own car. The proximity of the two cars was such that no other conclusion is possible, although he stated that he did not remember her being there. Mrs. Priscilla Galjour, the person with whom Mrs. Cheramie was talking, and Mrs. Cheramie’s husband, both eye witnesses, also corroborated the fact that Mrs. Cheramie had been standing in the open door before Pierce got to his car and that the door remained open throughout the entirety of this occurrence.
Although this accident occurred on the private parking lot of the church, we are guided here by the provisions of the Highway Regulatory Act. As recently stated by this court in Dwyer v. Travelers Insurance Company, 253 So.2d 679 (1st Cir. 1971):
“Inasmuch as the accident happened on private property, the General Highway Regulatory Act regarding the regulation of vehicular movement on public streets and highways is not decisive of the issue here, and the case must be judged under the general tort law of the state. Nevertheless, these regulations are persuasive in determining the degree of care expected of a motorist in the operation of his vehicle. Hinegardner v. Dickey’s Potato Chip Company, 205 So.2d 157 (La. App. 1st Cir. 1967).”
LSA-R.S. 32:103 contains these provisions, applicable here:
“Moving parked vehicles
No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety. Acts 1962, No. 310, § 1.”
Pierce’s actions were clearly in contravention of the statute just cited and we conclude that his inadvertent failure to observe the presence of Mrs. Cheramie or his momentary lapse of attention in his effort to get out of the parking lot was the sole cause of this accident.
The defendant’s contention that Mrs. Cheramie was contributorily negligent is without merit, as the record contains no *383 indication that she had the opportunity to close her door before Pierce pulled his car away from the curb. This court recently had occasion to make this commentary on the rules concerning this defense:
“Contributory negligence is conduct on plaintiff’s part which falls below the standard to which he should conform for his own safety and welfare, which means that standard of care which a reasonably prudent person would exercise under the same or similar circumstances. Henson v. Travelers Insurance Co., La.App., 228 So.2d 667.
“ . . . Contributory negligence, however, envisions unreasonable conduct on plaintiff’s part in the face of a known or reasonably foreseeable danger.” Langlois v. Allied Chemical Corporation, 238 So.2d 41 (La.App., 1st Cir. 1970).
The defendants have advanced no proof that Mrs. Cheramie acted unreasonably under the circumstances and, indeed, all of the evidence is to the contrary. Without contradiction, she testified that she was stooping to get into her car at the time Pierce moved his vehicle forward. Undoubtedly, she was not looking in his direction at that instant and did not have the opportunity to close her door before contact was made.
We turn now to the question of the amount of general damages awarded Mrs. Cheramie in the district court. Dr. John N. LeBlanc, a general practitioner in Cut Off, treated Mrs. Cheramie after the accident. His testimony, introduced by deposition, related that she was seen in his clinic by himself and Dr. John A. Fisher on six occasions as a result of this accident. She was first seen on October 14, at which time contusions of the neck, face, and nose were noted. X-rays taken on the following day revealed an incomplete or hairline fracture of the upper arm or, more particularly, a fracture of the greater tuberosity of the humerus. A sling for the arm was prescribed, in addition to analgesics, which she wore for several weeks and which facilitated the complete healing of the fracture without difficulty. In view of these injuries, we find the original amount awarded as general damages to be inadequate and that the sum of $1,250.00 will more accurately compensate Mrs. Cheramie for her injuries. The defendants are cast for all costs.
Affirmed in part, amended in part, and rendered.